IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLENNA M. ROBERT,

    Plaintiff,

v.                                                           CIVIL ACTION NO. CV-99-J-2234S

BELLSOUTH TELECOMMUNICATIONS,

    Defendant.

## MEMORANDUM OPINION

Currently pending before this court is the defendant BellSouth Telecommunications' motion for summary judgment. (doc. 27). Both parties have briefed their positions and filed evidentiary submissions. The court has reviewed the motion, briefs, and the evidentiary submissions of the parties. Having considered all of the foregoing, the court concludes that the motion for summary judgment is due to be granted on all counts of the complaint.

### PROCEDURAL HISTORY

Plaintiff commenced this action on August 25, 1999 by filing a complaint (doc. 1) alleging the defendant discriminated against her in violation with the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.* This court has jurisdiction over this case pursuant to 42 U.S.C. §12101 *et seq.* and 28 U.S.C. §1331.

## FACTUAL BACKGROUND

Viewing the facts in the light most favorable to plaintiff they are as follows:

The plaintiff, Glenna Robert, worked for defendant BellSouth for thirty years. Plaintiff depo. at p. 53-54. Plaintiff worked in Florida before locating to Alabama in 1994. Plaintiff depo. at p. 36. Plaintiff developed carpal tunnel syndrome while working in Florida. Plaintiff depo. at p. 56. She eventually had surgery for the carpal tunnel syndrome. Plaintiff depo. at 62.

Plaintiff's doctor recommended she not keyboard after her surgery. Plaintiff depo. at 62. Sometime later, her doctor said she could go back to light keyboarding. *Id.* Plaintiff eventually felt that she could no longer keyboard and in 1998 asked defendant if she could avoid keyboarding. Plaintiff depo. at 63.

For the last fifteen years of her employment, plaintiff worked as a "testing technician". Plaintiff depo. at 53-54. Plaintiff admitted that "keyboarding" was her "primary job responsibility". Plaintiff depo. at 64. The plaintiff had been allowed to train and supervise while in Florida, even though that was not an official position and she remained a testing technician. Plaintiff depo. at 56-57. When plaintiff moved to Alabama she had to resume traditional testing technician responsibilities such as keyboarding. Plaintiff depo. at 59.

Plaintiff was allowed to avoid keyboarding in Alabama. She is not sure if she was asked to keyboard in 1997. Plaintiff depo. 47. In lieu of keyboarding plaintiff was asked to do other tasks such as answer the phone and assist with new hires. Rembert depo. at

59-62. Plaintiff was asked to keyboard on April 28 and 29 of 1998, following this request plaintiff filed her EEOC charge. Plaintiff depo. 43-47. She was not asked to type again. Plaintiff depo. at 46. Plaintiff retired on March 29th 1999, the day she achieved thirty years employment with the defendant. Plaintiff depo. at 29. Thirty year employment is the requisite for a full BellSouth pension. Plaintiff depo. at 28. Plaintiff admitted she retired in order to be near her daughter. Plaintiff depo at.23-24; Wilson depo. at 86.

Plaintiff never requested a job transfer. Plaintiff depo. at 39. Plaintiff's former supervisor testified that the plaintiff had not expressed an interest in jobs that did not involve typing. Wilson depo. at 92. Plaintiff admits the particular job she wanted "[t]raining and relieving supervisors" was not a BellSouth position. Plaintiff depo. at 79-80. Plaintiff alleges she was discriminated against because she was never placed in such a position and because she was asked to type. Plaintiff depo. at 77-80, 41.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

> element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.

See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

## LEGAL ANALYSIS

In order to state a prima facie case of disability discrimination plaintiff must demonstrate that (1) that she has a disability; (2) that, with or without reasonable accommodations, she can perform the essential functions of the position she holds; and (3) she was discriminated against because of her disability *Terrell v. USAir,* 132 F.3d 621, 624 (11th Cir.1998). Plaintiff has failed to establish prongs (2) and (3).

Plaintiff must establish she is a "qualified individual" to proceed under the ADA. *Reed v. Heil Company*, 206 F.3d 1055, 1062 (11th Cir. 2000). There is a two-step analysis for determining whether one is "qualified". *Reed,* 206 F.3d at 1062. "First, does the individual satisfy the prerequisites for the position; does the individual have sufficient experience and skills, an adequate educational background, or the appropriate licenses for the job? Second, can the individual perform the essential functions of the job, either with or without reasonable accommodations?" *Id.* Applying this analysis, plaintiff does have sufficient experience and skill, however she cannot perform the essential functions of the job with or without reasonable accommodations.

"Essential functions" of a job are the fundamental duties of the particular position in question. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). When determining what functions are essential, courts should consider the " 'employer's judgment' ". *Earl,* 207 F.3d at 1365 *quoting* 42 U.S.C. §12111(8). Plaintiff held the position of "Testing Technician" at BellSouth. Plaintiff depo. at 60. According to a Testing Technician job description, one of the six listed duties is using "computer terminals". Plaintiff's Exhibit 13 to depo. of Wilson. Plaintiff admitted keyboarding was central to a Testing Technician's job.

> Q: Were you able to do all of the other tasks associated with testing technician besides keyboarding?
> A: Well, basically there's - - there's not a whole lot that you don't do with keyboarding . . . we do our testing with keyboarding . . .
> Q: So keyboarding was your primary job responsibility?
> A: Yes. Because you had to get all of your work out of there and put all of your work in it.

Plaintiff depo. 64-65.

Plaintiff has the burden of identifying an accommodation and demonstrating the accommodation is reasonable. *Stewart v. Happy Herman's Chesire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Plaintiff does not argue there is an accommodation that would allow her to perform as a testing technician, rather plaintiff argues defendant should have accommodated her by transferring her to another position. In a case remarkably similar to the plaintiff's, the Eleventh Circuit has ruled that an employer does not have to create a position or transfer plaintiff to a preferred position in order to avoid violating the ADA. *Terrell v. USAir,* 132 F.3d 621 (11th Cir. 1998).

The plaintiff in *Terrell*, worked as a reservations agent and developed carpal tunnel syndrome because of her job. *Terrell*, 132 F.3d at 623. Following surgery for her carpal tunnel syndrome the plaintiff only worked four hours per day. After working on the limited schedule for 60 days, USAir placed plaintiff on unpaid medical leave. *Id.* Plaintiff alleged USAir failed to accommodate her by not allowing her to work part time and not providing her a "drop" keyboard. *Id.,* at 624. The court in *Terrell* explained that "[a] plaintiff does not satisfy her initial burden by simply naming a preferred accommodation- -even one mentioned in the statute or regulations; she must show that the accommodation is reasonable." *Id.*, at 625. The court then held that plaintiff's demand for a position that did not exist was unreasonable. *Id; See also Holbrook v. City of Alpharetta,* 112 F.3d 1522, 1528 (11th Cir. 1997) ("An employer is not required to change the essential functions of a job."); *Baaqee v. Brock & Bleving Construction*

7

*Company,* 2000 WL 821469 (S.D.Ala. 2000) ("The ADA does not require an employer to reassign an employee to an occupied position, nor must the employer create a new position. . .").

Plaintiff argues that she was accommodated while in Florida by being allowed to train and assist the testing technicians, and that she should have been allowed the same privilege at the Alabama location. The previous assignment does not bind defendant to the same accommodation for the Alabama office. "An employer that 'bends over backwards to accommodate a disabled worker . . . must not be punished for its generosity by being deemed to have conceded the reasonableness of so far-reaching an accommodation." *Terrell*, 132 F.3d at 627 FN.6 *quoting Vande Zande v. Wisconsin Dep't of Administration*, 44 F.3d 538, 545 ($7^{th}$Cir. 1995).

Even if a job transfer could be considered as a reasonable accommodation, plaintiff never requested one. Plaintiff depo. at 39. Plaintiff's former supervisor testified that the plaintiff had not expressed an interest in jobs that did not involve typing. Wilson depo. at 92. Plaintiff admits the particular job she wanted "[t]raining and relieving supervisors" was not a BellSouth position. Plaintiff depo. at 79-80. Plaintiff argues that defendant should have actively sought her transfer pursuant to company policy, however " 'the ADA [does not require] affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled.'" *Terrell,* 132 F.3d at 627 *quoting Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5thCir. 1995).

Plaintiff cannot prevail without demonstrating she is a "qualified" individual. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). Plaintiff cannot perform the essential functions of her job, she has not offered a reasonable accommodation, therefore she is not a "qualified" individual and her ADA claim must fail. *Id.*

Plaintiff has also failed to prove that she was subject to discrimination because of her disability. Discriminatory injury and causation are requisite components to a prima facie ADA claim. *See Terrell v. USAir*, 132 F.3d 621, 624 (11thCir. 1998) (Plaintiff must show "she was discriminated against because of her disability."); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11thCir. 1997) (Plaintiff must show she "was subjected to unlawful discrimination because of [her] disability.") An ADA claim must fail if the plaintiff cannot establish a prima facie case. *Baaqee v. Brock & Bleving Construction Company*, 2000 WL 821469, *8 (S.D.Ala. 2000).

The basis of plaintiff's discrimination claim is that she was not reasonably accommodated. Plaintiff alleges she was harassed because she was counseled when her absences from work exceeded her FMLA time. Plaintiff depo. 74-75, 85. However in her briefs, plaintiff makes clear that she is not pursuing a constructive discharge claim. In fact plaintiff admits that she retired the day she had thirty years with the defendant, which was the requisite time period for full pension benefits. Plaintiff depo. at 28-29. The reason plaintiff retired was to move to Tennessee to be near her daughter and assist her with her daycare. Plaintiff depo. at 23-24; Wilson depo. at 86.

Plaintiff argues that she was not reasonably accommodated because she was asked

9

to type. The record shows that plaintiff was allowed to remain employed and was placed on modified duty, i.e. no typing, in early 1998. Rembert depo. at 57-58. Plaintiff is not sure if she had to keyboard in 1997 but claims she was asked to keyboard on April 28 and April 29 of 1998. Plaintiff depo. at 43-47. It was following these two days that plaintiff filed her EEOC charge. Plaintiff depo. at 41. She was not asked to type again, and she retired on March 20th 1999. Plaintiff depo. at 46, 29. Plaintiff has not established any causal link between her disability and discriminatory conduct on behalf of the defendant, therefore her claim must fail.

## CONCLUSION

The plaintiff has failed to establish that she was discriminated against due to a disability. Her claim also fails because she has not established that she is "qualified" and she has not demonstrated a reasonable accommodation that would render her "qualified". The court can find no genuine issue of material fact left for trial. As such, defendant's motion for summary judgment is **GRANTED** on all counts of the complaint. This case is **DISMISSED** with **PREJUDICE**.

    **DONE** and **ORDERED** this the ___6___ day of September, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE